WRIGHT, Presiding Judge.
This is a termination of parental rights case.
In May 1982 Jeannie Turley voluntarily placed her four children in foster care with the Marshall County Department of Pensions and Security (DPS), because she felt that she could not adequately care for them. Each of the four children has a different father and the biological father of three , of the children was not the man the mother was married to at the child’s birth. DPS later filed petitions for temporary custody, which were granted. After receiving temporary custody, DPS entered into a contract with the mother which would allow her to regain custody of her children, if she fulfilled the terms of the contract. Under the terms of the contract the mother was to actively seek employment, find a suitable home for herself and her children, seek counselling at the Marshall-Jackson Mental Health Center, and stabilize her relationships.
Three judicial reviews were had on the temporary custody order. After each hearing, temporary custody was continued in the Marshall County DPS. During this time the mother never filed a petition seeking to regain custody of her children. In April 1984 the mother filed petitions requesting information on her children’s foster care treatment and visitation. No action was taken on these petitions, nor was hearing requested.
Petitions were brought by DPS in the Marshall County Juvenile Court seeking permanent custody and termination of parental rights for the four children in October 1984. The petitions cited as reasons for the termination of parental rights, the failure of the mother to establish a suitable home, emotional disturbances exhibited in the children’s behavior, sexual abuse of two of the children by the mother, and the mother’s intention to place the children for adoption with unrelated families. After a hearing, the court granted the petitions of DPS. The mother of the children appeals from that judgment.
The mother’s first contention on appeal is that the trial court abused its discretion in terminating parental rights because there was not clear and convincing evidence before the court that it would be in the children’s best interest to terminate the mother’s right to custody. She asserts that the evidence was insufficient since it was based on unsupported allegations of sexual abuse and past neglect. Further *408 more, she argues that there was no evidence of the mother’s recent living situation that would show her present inability to care for her children.
In a child custody case, after an ore tenus hearing, the trial court’s judgment is presumed to be correct, unless it is shown that the judgment is plainly and palpably wrong. Matter of Boland, 451 So.2d 305 (Ala.Civ.App.1984). We note that a natural parent has a prima facie right to the child’s custody. King v. State, 451 So.2d 314 (Ala.Civ.App.1984). This right is not absolute and must yield to the well-settled rule that the best interest of the child is the controlling consideration in such cases. Lovell v. Department of Pensions and Security, 356 So.2d 188 (Ala.Civ.App.1978). However, there must be clear and convincing evidence before the trial court that it would promote the best interest of the child to terminate the natural right of the parent to custody. Matter of Roland, supra.
The record establishes that the mother’s situation at the time of the termination hearing has not improved in any significant manner from the time the children were originally placed in foster care in May 1982. The mother has no place of her own to live, no means of support for the children and she has not stabilized her life to any significant degree. There was evidence that visits with the children have not gone well. She cut short several visits, and two of her sons reported that their mother had sexually abused them during home visits and that she engaged in sex acts with men in their presence. During the time the children were in voluntary foster care, she made no effort to regain custody. There was evidence of the mother’s recent living situation in the record. Therefore, we find the judgment of the trial court to be supported by convincing evidence and that the best interest of the children will be promoted by termination of the parental rights of the mother, thereby permitting planning toward their adoption.
The next issue is whether the trial court erred when it failed to appoint counsel for the mother, when she filed petitions in April 1984, seeking information as to her visitation rights. She contends that the failure to appoint counsel at that time was a denial of due process under § 12-15-63(b), Code of Alabama 1975.
The mother’s contention that § 12-15-63(b) requires that parents with children in dependency cases have the right to be represented by counsel at every stage of the proceeding is correct. Section 12-15-63(b) places upon the trial court the duty of informing the parents of their right to counsel and their right to have counsel appointed where they are unable, for financial reasons, to obtain their own, when petitions alleging dependency of children are filed. Smoke v. State Department of Pensions and Security, 378 So.2d 1149 (Ala.Civ.App.1979). In this case the mother was informed of her rights and waived her right to representation in 1982 when the voluntary petition was first filed. There is no evidence that she subsequently requested counsel or that the court had denied such request. In fact, the record shows that when the mother requested that counsel be appointed for her in October 1984, the court immediately granted her request. We find that there has been no denial of due process by the trial court.
The final issue is whether the petitions for termination of parental rights were sufficient to apprise the mother of the specific allegations forming the basis for such termination.
Section 12-15-65(b), Code of Alabama 1975, requires that the parties shall be informed of the specific allegations in the petition. However, strict compliance with this section is not required where the parties are given actual notice of the allegations contained in the petition. In re Shivers, 440 So.2d 1081 (Ala.Civ.App.1983). In this case the petitions adequately notified Mrs. Turley of the allegations against her. She was also informed, through her contacts with DPS, that her rights were in jeopardy.
Furthermore, as this final contention is presented for the first time on appeal, it *409 comes too late for our review. Lee v. Jackson County Department of Pensions and Security, 470 So.2d 1294 (Ala.Civ.App.1985).
Finding no reversible error, the judgment is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.