WRIGHT, Presiding Judge.
This is a case of termination of parental rights. The issue on appeal is whether there was clear and convincing evidence before the trial court to support its order terminating the mother’s parental rights.
In February 1984 the Cleburne County Department of Pensions and Security (DPS) filed a dependency petition on behalf of Jason Scott Henry, after receiving a report that the family home had no electricity, no running water, no suitable food for an infant child, and only a small fireplace for heat. After this petition was filed, a shelter care hearing was held in the case, at which time the mother consented to the placement of the child with DPS pending a hearing on the dependency petition. After a hearing, the court granted the petition and placed temporary legal custody of the child with DPS.
After the child’s removal from the home, he was transferred to Vaughn Clinic for psychiatric evaluation. The child had exhibited very strange behavior, which included banging his head against the wall and floor and pulling his hair. This behavior by the child was determined to be a result of the child’s severe deprivation while in his mother’s care.
DPS developed and filed with the court a treatment plan for the mother. The treatment plan set forth terms and conditions which the mother had to meet to regain custody of the child. She was to establish a one-family household with adequate sleeping arrangements, running water, heat, cooking facilities and utilities; have financial means to provide food, clothing, rent and medical care for the child; attend *87 six parenting skills classes; attend six mental health counseling sessions; visit the child once a month; and contact DPS at least every two weeks to advise the worker of the present living arrangements. Several judicial reviews were had on the temporary custody order. After each hearing, temporary custody was continued in the Cleburne County DPS.
A petition was filed by DPS in the Cle-burne County Juvenile Court in May 1985, seeking permanent custody and termination of parental rights for the child. The petition stated that the reason for the termination of parental rights was the mother’s failure to comply with the treatment plan. After a hearing, the court granted the petition of DPS. The mother filed a motion for a new trial, which was denied. She appeals from that judgment.
The court’s judgment in termination of parental rights cases is reviewed under the ore tenus rule. The judgment of the court must be given every favorable presumption of correctness and will not be set aside unless it is plainly and palpably wrong. In re Roland, 451 So.2d 305 (Ala.Civ.App.1984). The best interest of the child is the controlling consideration in such cases. Lovell v. Department of Pensions and Security, 356 So.2d 188 (Ala.Civ.App.1978). There must be clear and convincing evidence before the court that the best interests of the child are against parental custody. Turley v. Marshall County Department of Pensions and Security, 481 So.2d 406 (Ala.Civ.App.1985).
There is evidence in the record that the mother’s situation at the time of the termination hearing had not improved in any significant manner from the time the child was originally placed in foster care. Neither had her conduct in relation to the child improved. In February 1985 the mother had attended only three of her six scheduled mental health sessions. She had attended but one of six parenting classes. She had been rescheduled for the next series of parenting classes, but missed those as well. Her mental health counselor noted a poor attitude and a lack of cooperation.
The record reveals that in April 1984 the child was “kidnapped” by his mother from DPS. The child was subsequently returned to DPS. Upon the child’s return he was observed exhibiting the symptoms of alcohol withdrawal and he experienced nightmares. The mother’s visitation rights with the child were terminated in March 1985. He began to act strangely after a visit with his mother, his father and,the mother’s boyfriend. Urinalysis revealed that the child had been given a drug containing pheno-thiazine and opium alkaloids.
At the termination of parental rights hearing, it was disclosed that the mother had obtained employment in Georgia and was living in a two-bedroom trailer. Though it was shown that certain elements of the treatment plan had been satisfied by the mother, it was admitted that the entire plan had not been satisfied. We find the judgment of the court to be supported by evidence, which if believed by the court, could be classified as clear and convincing that the best interest of the child will be promoted by terminating the parental rights of the mother.
The judgment of the trial court is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.