ROBERT P. BRADLEY, Retired Appellate Judge.
This is the second time this child custody case has been before us. The case has a long and varied procedural history, which is set out in full in our prior review. See T.L.L. v. T.F.L., Jr., 580 So.2d 1359 (Ala.Civ.App.1991). We will thus repeat only the most pertinent events.
The mother was awarded custody of the child pursuant to her divorce from the father. In July 1988 the mother filed a peti *1364 tion to temporarily revoke the father’s visitation rights, based on alleged sexual abuse of the child by the father. After a hearing, the trial court refused to revoke visitation. The father then filed a petition for modification of custody, alleging that the child had been sexually abused by an unknown party while in the mother’s care. The father and paternal grandparents also filed a motion for contempt, based on the mother’s failure to allow the child to visit the father; the mother was subsequently found in contempt and jailed for five days.
In September 1989 the mother filed a motion to terminate the father’s visitation rights. She also contacted the Chilton County Department of Human Resources (DHR) and alleged that the child was being sexually abused by the father during his periods of visitation. DHR subsequently filed a petition in the Chilton County Juvenile Court, alleging the dependency of the minor child. After a 72-hour dispositional hearing, all the parties agreed that it was in the best interests of the child to remain in the care of DHR pending further examination of both parents, as well as both sets of grandparents. The order did not find that the child was dependent based on the unfitness of the mother; rather, the order was in the nature of pendente lite relief during the continuing investigation of the parties involved in the allegations of sexual abuse. See T.L.L. v. T.F.L., Jr.
In December 1989 DHR filed a petition seeking to establish the dependency of the child, based on the unfitness of both parents. The paternal grandparents filed a petition for custody and placement of the child. The mother’s petition to terminate the father’s visitation rights remained pending.
After an extended ore tenus proceeding on all of the various petitions before it, the trial court entered an order finding that the mother had failed to show that placing the child with her would “materially promote” the child’s best interests as required by Ex parte McLendon, 455 So.2d 863 (Ala.1984), and granting custody of the child to the paternal grandparents.
The McLendon standard is applied where the parent has previously forfeited or lost custody of the child. On appeal, this court held that there had never been a finding of dependency based upon clear and convincing evidence of the mother’s unfitness as required by § 12-15-65(e), Code 1975; thus, she had never lost custody of the child and McLendon was inapplicable. The case was reversed and remanded for further proceedings.
On July 3, 1991 the trial court entered an amended order in accordance with the opinion of this court. The trial court found that the child was dependent based on the inability of the parents to discharge their duties to the child at this time. The court placed temporary care, custody, and control of the child with the paternal grandparents. The mother has filed both an appeal and a petition for a writ of mandamus to challenge the court’s judgment. We find that appeal, not mandamus, is the proper vehicle for review here; thus, the writ is denied. Ex parte Hatton, 547 So.2d 450 (Ala.1989).
In matters concerning child custody and dependency, the trial court’s judgment is presumed correct on appeal and will not be reversed unless it is plainly and palpably wrong. Turley v. Marshall County Dep't of Pensions & Security, 481 So.2d 406 (Ala.Civ.App.1985).
Here, the trial court’s order after remand was not in the nature of pendente lite relief, but was a specific finding of the child’s dependency. This finding was based on clear and convincing evidence of both parents’ history of instability and inattentiveness to the needs of the child. A detailed examination of this evidence is unnecessary and would add nothing to the body of law concerning the issue of child dependency. It is sufficient to say that the trial court did not err in its judgment, and it is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and *1365 this opinion is hereby adopted as that of the court.
WRIT DENIED.
AFFIRMED.
All the Judges concur.