L. CHARLES WRIGHT, Retired Appellate Judge.
This is the third time this child custody case has been before us. The procedural history is lengthy and is detailed in our prior opinions. See T.L.L. v. T.F.L., Jr., 580 So.2d 1359 (Ala.Civ.App.1991), and Ex parte T.L.L., 597 So.2d 1363 (Ala.Civ.App.1992). We will recapitulate only the facts relevant to this appeal.
*35 T.L.L. (mother) and T.F.L., Jr. (father), were divorced in 1986. Custody of the parties’ minor child was awarded to the mother. In 1989 the Department of Human Resources was given “pendente lite” custody of the minor child, with physical custody in M.S.L. and T.F.L., Sr. (paternal grandparents). Following subsequent proceedings, the child was found to be dependent. The paternal grandparents were ultimately awarded temporary custody.
In June 1992 the mother filed a petition, requesting that she be given permanent custody of the child. The father filed a cross-petition, requesting the same. Prior to the hearing on the petitions, the mother requested, for reasons unknown to us, that her pleading to modify be amended to reflect a request that the “temporary order be set aside or*the original divorce decree reinstated.” Her request was granted. Following oral proceedings, the trial court granted custody to the father. The mother appeals.
The mother initially questions the trial court’s use of the McLendon standard in its award of custody to the father. Ex parte McLendon, 455 So.2d 863 (Ala.1984). We find the mother’s contention to be somewhat confusing, in view of the fact that the trial court had the parties brief the standard issue and that both parties agreed that the proper standard to be used was that of McLendon. On appeal the mother asserts that the trial court should have used the best interest standard. We find the mother’s argument to be without merit. The trial court found that the father met the “stringent burden of Ex parte McLendon and has shown that it would materially promote the child’s best interest to be removed from her temporary situation and placed permanently with her father....”
If the requirement of McLendon is met, the so-called best interest standard is satisfied. The best interests of the child are always paramount in any case. The difference in the two standards arises from the circumstances of the ease involved. If the case relates to custody of the child which has not been previously determined by a final decree, the standard is “best interest.” If the case relates to a modification of a prior final decree, the standard is as stated in McLendon, i.e., the parent seeking the custody change must show a change of circumstances since the last decree, that he/she is fit, and that the change “materially promotes” the best interests and welfare of the child. Evidence as to promotion of the child’s best interests is necessary to overcome the disruptive effect of a change in custody.
Regardless of the standard utilized, the mother asserts that the court’s findings are contrary to the evidence adduced at trial.
When the court is presented evidence ore tenus, its determination is presumed correct and will not be disturbed on appeal unless it is so unsupported by the evidence as to be plainly and palpably wrong or unless an abuse of the trial court’s discretion is shown. Nicholas v. Nicholas, 464 So.2d 527 (Ala.Civ.App.1985).
In its order awarding custody to the father, the court made the following detailed findings of fact:
“1. That there has been a material change of circumstances since the original decree was entered and since the Court entered its order granting temporary custody to the paternal grandparents.
“2. That the Court had previously determined that it was in the best interest of [the child] that she be temporarily placed with her paternal grandparents, with unsupervised visitation by both parents.
“3. That since that time the Court has had two additional hearings which have led the Court to have increasing concern about returning the child to her mother.
“4. That the Court has seen throughout every hearing that the father has been truthful, forthright, sincere, and eager to do everything which would be in the child’s best interest.
“5. That though the testimony indicated that the mother had remarried and had become more stable and less transient, the Court remains concerned about her poor judgment and the discrepancies and contradictions throughout her testimony.
“6. That the Guardian Ad Litem has filed an extensive written recommendation, in *36 which he urges the Court to terminate the temporary custody order and place permanent custody of the minor child with the father.”
Our careful and thorough review of the record does not support the mother’s contention that the judgment is contrary to the evidence presented. We find support in the evidence that a change of custody to the father will materially promote the best interests of the child.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.