ROBERTSON, Presiding Judge.
This case involves the custody of two minor children, R.S.H. and J.A.H.
Following the filing of numerous petitions concerning these children by their mother, P.L.H., and by their paternal grandmother and aunt, E.C. and R.T., the trial court awarded the “permanent care, custody and control” of the children to the grandmother and aunt. The mother was awarded visitation. The father is deceased.
The only statutory mechanism by which the trial court could have awarded permanent custody of these children to a relative is found at § 26-18-8, Code 1975. That section provides:
“If the court determines that the parents of a child are incapable to act as parents and terminates their parental rights, it may ... [tjransfer the permanent legal custody of the child to a relative or other individual who, after study by the department, is found to be able to properly receive and care for the child.”
The trial court’s grant of permanent custody to the grandmother and aunt did not follow a termination of parental rights proceeding. The Child Protection Act does not provide for the permanent placement and custody of children with nonparents prior to an appropriate termination of parental rights proceeding. See State Department of Human Resources v. Thomas, 554 So.2d 1063 (Ala.Civ.App.1989).
We note that the grandmother and aunt already had temporary custody of these children and that the trial court could have properly continued that custody. Chandler v. Manning, 411 So.2d 160 (Ala.Civ.App.1982). However, absent an appropriate termination of parental rights pursuant to § 26-18-7, Code 1975, the trial court was without authority to grant the permanent custody of the children to the grandmother and aunt. The termination of parental rights follows a finding, based on clear and convincing evidence, that the children are dependent, and a finding that no viable alternatives to termination exist. Thomas.
The judgment of the trial court is due to be reversed.
REVERSED.
THIGPEN and RUSSELL, JJ., concur.