THIGPEN, Judge.
This child custody case has been before this court previously. See P.L.H. v. E.C. and R.T., 579 So.2d 656 (Ala.Civ.App.1991). *
The events preceding this custody dispute began in 1984, when the parents of the children were separated and the children were living with the mother. Both the mother and the father were living with other people. When the mother entered the hospital in May 1984, the mother’s boyfriend requested that the children’s paternal grandmother (grandmother) care for the children during the mother’s illness. During the mother’s hospitalization, the children’s paternal aunt (aunt) petitioned and was granted temporary custody of the children.
Testimony revealed that the mother’s attempts to regain custody of her children were thwarted by her indigence and inability to hire a lawyer, her confusion regarding legal matters, and her lack of assertiveness. Testimony indicated that the mother felt intimidated by the father and his family. As an indigent client, the mother sought legal assistance, which agreed to assist her in obtaining a divorce from the children’s father, but would not assist in child custody matters before a divorce. The evidence reveals that the father agreed to divorce only if the mother would relinquish custody of the children and bear the costs. Although the mother’s boyfriend, R.E., offered to pay for the divorce, the mother did not agree to the father’s terms, and a divorce was never obtained.
The father was killed in 1988 in an industrial accident. Subsequently, the mother petitioned for a writ of habeas corpus and for a change of custody. Her requests were denied, and ultimately, permanent custody of the children was awarded jointly to the grandmother and the aunt. The mother appealed to this court. On appeal, we determined that the court lacked the authority to grant permanent custody of the children to the grandmother and the aunt because the natural mother’s parental *1020 rights had not been terminated. See P.L.H., supra. Accordingly, we reversed the permanent custody ruling and stated that the trial court could have chosen to continue the temporary custody arrangement, if appropriate. Subsequently, the juvenile court determined that the best interests of the children were for them to remain with the grandmother and the aunt and entered an order accordingly. Hence, this appeal.
Although the mother raises numerous issues, including allegations of due process violations, we find the dispositive issue is whether the trial court erred in its decision to continue temporary custody with the children’s grandmother and the aunt, based upon its determination that such was in the children’s best interests.
It is well-settled that a natural parent has a prima facie right to the custody of his or her child as against a non-parent. Ex parte Mathews, 428 So.2d 58 (Ala.1988). To overcome this presumptive superior right of a parent to his/her children, the non-parent must present clear and convincing evidence that the parent is unfit or unsuited for custody and that the best interests of the child will be served by granting custody to the non-parent, rather than the natural parent. Ex parte Terry, 494 So.2d 628 (Ala.1986). An exception exists if the parent voluntarily forfeits this right of custody to a non-parent, or if there is a prior decree which removed the children from the custody of the parent and awarded custody to a non-parent. Ex parte McLendon, 455 So.2d 863 (Ala.1984); Terry, supra.
The instant case is unusual in that there is a prior decree awarding temporary custody of the children to a non-parent, but there is a question of whether this decree was properly obtained. The mother contends that Ala.Code 1975, § 12-15-56, provides eight methods by which a child may be taken into custody, and that seven of these methods do not apply to this case. The mother contends that the remaining method requires that notice be given to the parent and that a hearing be held prior to taking the child into custody, and that she received no notice of the proceeding which awarded temporary custody to the grandmother and the aunt. Testimony revealed that the mother first discovered that the custody of her children had been awarded to the grandmother and the aunt when a demand was made for the children’s belongings.
Our review of the record reveals that the mother was indigent and legally unsophisticated, and it discloses that the Juvenile Court of Marion County failed to provide her notification of her right to counsel in accordance with Ala.Code 1975, § 12-15-63. The record also indicates that the mother was not given notice in accordance with Rules 4 and 5, A.R.CÍV.P., nor was she provided with an opportunity to be heard. Instead, the record reflects that the trial court made an ex parte decision without providing notice of the proceedings to the natural mother.
The mother persuasively argues that she should not lose her prima facie right to the custody of her children without a proper hearing and a finding of unfitness. Terry, supra. Here, the burden of presenting clear and convincing evidence of the mother’s unfitness must be met by the grandmother and the aunt before they can be awarded custody of the children. Terry, supra.
The evidence reveals that the mother has a good relationship with her children, she is working towards obtaining a G.E.D., and she has married R.E. The children have a good relationship with R.E. and his family. The grandmother and the aunt did not refute this evidence. The evidence showed that R.E. has a stable job and an adequate income. The mother and R.E. own a large, adequately furnished mobile home, and they live in the same school district as the grandmother, therefore, no educational disruption will occur.
The trial court’s order stated in pertinent part:
“2. That the said continuation of temporary custody in the said [grandmother and aunt] is in the best interest of the said [children].” (Emphasis supplied.)
*1021 Our review of the record reveals no competent evidence regarding the mother’s unfitness, nor did the trial court make the requisite finding of unfitness. Mathews, supra. Likewise, the record is devoid of evidence that the mother voluntarily or otherwise relinquished her parental rights. H.T. v. C.T.W., 569 So.2d 418 (Ala.Civ.App.1990). Paramount consideration is always given to the best interests of the child and, as a matter of law, the child’s best interests will be served by maintaining custody in the natural parent. H.T., supra. The presumption that the natural parent is best suited to meet the needs of his or her child is so strong that courts are reluctant to interfere with that authority. See Ex parte Sullivan, 407 So.2d 559 (Ala.1981).
From our review of the record, it appears that the mother in the instant case has not been afforded the strong presumption entitled to her to raise her own children. Accordingly, this case is reversed and remanded with instructions for the trial court to utilize the proper standards and enter an order consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and RUSSELL, J., concur.

 Reporter of Decisions’ note: The proceeding reported at 579 So.2d 656 was erroneously reported as an appeal from the Houston County Juvenile Court.