THIGPEN, Judge,
concurring in the result only.
I concur that this case must be returned to the trial court; however, I do so for reasons differing from that stated in the majority opinion. The law is clear that “absent an appropriate termination of parental rights pursuant to § 26-18-7, Code 1975, the trial court was without authority to grant the permanent custody of the [child] to the [grandparents].” P.L.H. v. E.C., 579 So.2d 656, 657 (Ala.Civ.App.1991). (Emphasis added.) See also P.L.H. v. E.C., 601 So.2d 1018 (Ala.Civ.App.1992).
Additionally, I note that the record contains an informal agreement in which the mother purportedly gave the petitioners a custodial interest in the child. I believe that on remand, the trial court should examine the evidence regarding whether the mother voluntarily forfeited her prima facie right to custody of her child. Absent voluntarily forfeiture, the trial court should then make a determination regarding fitness. Ex parte Terry, 494 So.2d 628 (Ala.1986).