L. CHARLES WRIGHT, Retired Appellate Judge.
This appeal concerns a custody dispute between Donnell Traffanstedt Eaves (mother) and Joe and June Traffanstedt (paternal grandparents) over Eaves’s two minor daughters.
Eaves and Gregory Joe Traffanstedt (father) were divorced in 1992. The parties were awarded joint custody of the children. The mother was given primary physical custody of the children, subject to visitation with the father and the paternal grandparents. The final judgment also provided that the children would reside with the paternal grandparents whenever both the mother and the father were working out of town.
The children moved in with the paternal grandparents in January 1994 because the mother was temporarily working out of the state. In March 1994 the paternal grandparents filed a petition to modify the final judgment of divorce and requested that the trial court enter an ex parte order awarding to them temporary custody of the minor daughters pending the custody modification proceeding. The trial court issued the requested ex parte order on March 28,1994.
Following several oral proceedings, the trial court entered a final judgment, granting permanent custody of the older daughter to the paternal grandparents and permanent custody of the younger daughter to the mother. The father consented to the trial court’s disposition of custody. The mother appeals.
*181 A natural parent has a prima facie right to custody of his or her child as against a nonparent. Ex parte Terry, 494 So.2d 628 (Ala.1986). This presumption may be overcome only by proof that the natural parent “is guilty of misconduct or neglect to a degree rendering that parent an unfit and improper person to be entrusted with the care and upbringing of the child in question.” Terry.
In cases where the natural parent has voluntarily relinquished custody or the trial court has removed custody from the parent and awarded it to a nonparent by virtue of a prior judgment, the presumption favoring the natural parent does not exist. Terry. In such instances the parent may not regain custody without establishing that a change will materially promote the child’s welfare. Ex parte McLendon, 455 So.2d 863 (Ala. 1984).
A review of the record establishes that the mother never relinquished custody of her daughters to the paternal grandparents, nor was custody removed from the mother and awarded to the paternal grandparents by a prior final judgment. The March 1994 order was only a temporary disposition of custody pending a final determination. Ex parte D.J., 645 So.2d 303 (Ala.1994). Consequently, the mother did not lose her prima facie right to custody. For the trial court to remove custody from the mother, it must have determined that the mother was unfit. Terry.
The trial court did not find the mother to be unfit, nor did its order contain findings of fact to support such a conclusion. The trial court awarded custody of the younger daughter to the mother. Such an award is contrary to a finding of “unfitness.” The trial court erred in failing to address the issue of the mother’s fitness. Matthews v. Matthews, 659 So.2d 621 (Ala.Civ.App.1994).
Furthermore, this court has previously determined that absent an appropriate termination of parental rights pursuant to § 26-18-7, Code 1975, a trial court lacks authority to grant permanent custody of a child to a nonparent. P.L.H. v. E.C., 579 So.2d 656 (Ala.Civ.App.1991).
The trial court’s judgment is reversed. The cause is remanded for proceedings consistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12 — 18—10(e), Code 1975.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN and MONROE, JJ., concur.