This is an appeal from the trial court's denial of appellant's petition for the return of legal custody of his minor child.
Appellant, Joseph W. Chandler, Sr., is the natural father of the minor child involved in this dispute. For reasons not made clear in the record, in April of 1981 the Circuit Court of Montgomery County, Juvenile Division, awarded temporary custody of appellant's minor son to appellant's sister and brother-in-law. No appeal was taken from that action. In August of that year appellant filed a petition in the circuit court seeking the return of legal custody of the child to himself and his new wife, alleging that certain changes in his circumstances justified such a return of custody. An ore tenus hearing on the petition was held on October 28, 1981. The court denied appellant's petition and found that:
 [T]here exists reason to believe that the home environment of Mr. and Mrs. Chandler is not stable enough to assure the suitable adjustment of Joe, Jr., should he be placed in such environment and further, that the child has so psychologically bonded himself to his aunt and uncle that another move in his life would be of severe emotional trauma.
The natural father appeals from that judgment.
The evidence adduced at trial, consisting of the testimony of the parties and relatives and of reports made by the Department of Pensions and Security (hereinafter Department) concerning appellant's home life, indicates that the natural mother and father of the child were presumably divorced prior to the events involved herein. The father remarried in September of 1981. He runs his own refrigeration, heating and air conditioning business, and earns approximately $16,000.00 yearly. The Department report, *Page 161 
dated September 22, 1981, and admitted without objection, indicates that appellant has had severe alcoholism problems in the past. Mrs. Manning, appellant's sister and custodian of the child, testified that because of this problem the child had from time to time been sent to live with his grandparents or an aunt.
Appellant testified at trial that, contrary to the Department's report, he had refrained from consuming any alcoholic beverages for a period of one year prior to this proceeding, and that he had been attending Alcoholics Anonymous meetings. The testimony of appellant's father supported this contention.
Appellant's new wife has three children from a prior marriage. For a period of time the Department held temporary custody of Mrs. Chandler's two minor children. At the time of the Department's report, Mrs. Chandler was undergoing mental health counselling. There is some mention in the report of a court proceeding in December 1981 which Mrs. Chandler was to attend for the purpose of assessing her ability to take care of her own children.
The evidence tends to show that the child has adjusted well to the environment of his aunt and uncle's home, although there is some indication that the child has expressed a desire to live with his father. The Mannings have expressed an interest in retaining custody of the child, and possibly adopting him.
Appellant contends that the trial court abused its discretion in refusing to grant his petition for return of custody of his son, and asserts as grounds for his contention the presumption in favor of parental custody as applied in such cases as Exparte Berryhill, 410 So.2d 416 (Ala., 1982) and Pendergrass v.Watkins, 383 So.2d 851 (Ala.Civ.App. 1980). We disagree with appellant's contention and affirm the judgment of the trial court.
In situations of this kind, in which the natural parent seeks to regain custody of a minor child who by prior judicial decree has been temporarily placed with another, the natural parent has the burden of proving that a change in custody is necessary to promote the child's best interest. Dunlap v. Jeffcoat,352 So.2d 1380 (Ala.Civ.App. 1977); Willette v. Bannister,351 So.2d 605 (Ala.Civ.App. 1977). Such a prior award of temporary custody to another rebuts any presumption which favors the natural parent. Willette v. Bannister, supra.
Each child custody case must be decided upon its own set of facts. The trial court's judgment in cases of this kind will not be overturned on appeal unless it is plainly and palpably wrong. Kilgore v. Kilgore, 54 Ala. App. 336, 308 So.2d 249
(1975). The pertinent facts show that in September of 1981 the Department found that appellant was still suffering from the effects of his alcohol problems. At the same time, Mrs. Chandler was apparently having problems with the care of her own two minor children. The child himself appeared to be adjusting smoothly to the Mannings' home. In light of this evidence we cannot say that appellant has met his burden of proving that a change in custody would be in the best interest of the child (at this time). Consequently, we do not find the trial court's decision refusing appellant's petition to be erroneous.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur. *Page 783