BRADLEY, Judge.
This is a child custody modification case.
The parties to this appeal were divorced in March 1984. The father was given custody of the parties’ two and one-half year old male child. The mother was given visitation at certain specified times. Approximately five months later the mother filed a petition seeking modification of the custody aspect of the divorce decree. The father counterclaimed, seeking more specific visitation periods by the mother.
After a hearing the trial court modified the custody arrangement by giving the father custody from September to June of each year and giving the mother custody from June through August. The visitation with the child was also changed so that the noncustodial parent could visit with the child on the first and third weekends of each month. There were other enumerated visitation periods provided for the noncustodial parent.
After the denial of his posttrial motion, the father appeals.
The father says here that the trial court erred in giving the mother custody of the child for about three months out of each year.
“Where a parent seeks to gain custody of his child, it is not enough that the parent show he has remarried, reformed his lifestyle and improved his financial condition. Carter v. Harbin, 279 Ala. 237, 184 S6.2d 145 (1966). The parent seeking the custody must show that placement with him/her will materially promote the child’s welfare and best interests. McLendon v. McLendon, 455 So.2d 863 (Ala.1984). Willette v. Bannister, 351 So.2d 605 (Ala.Civ.App. 1977).”
Matter of Young, 456 So.2d 823 (Ala.Civ. App.1984).
On review, the trial court’s decree is presumed correct where the court has heard ore tenus evidence. Alford v. Alford, 368 So.2d 295 (Ala.Civ.App.1979). Moreover, where the evidence in a child custody case is presented orally, the trial court’s decree will not be disturbed on appeal unless it is plainly and palpably *923 wrong. Hester v. Hester, 460 So.2d 1305 (Ala.Civ.App.1984).
The evidence shows that the mother is employed, has remarried, and presently has or will soon have adequate living space for her family. She has consistently exercised her visitation rights and she says that she is willing and able and desires custody of her son.
The mother stated that she has had problems over visitation with the child and, since the child has health problems, she needs to have custody so that she can take him to the doctor and hospital when necessary.
The child has had bouts of bronchitis and has allergies for which he is being treated by a doctor. The mother testified that the child exhibits fewer health problems after he has been with her a day or two than when he arrives for visitation. She also said that the child did cry when he had to return to his father but that he does not do that anymore. She says that he has become accustomed to the visiting back and forth. However, she said that the child appears to be happy when he is visiting with her and her husband. She stated that her child and husband get along well together.
The mother testified that she has experienced problems in talking to her child on the phone. She said that she calls her son about once a week.
The record reflects that the mother and her husband love the child and want him to live with them. The evidence shows that the mother is financially able to care for the child when he is in her custody and that she wants his custody very much. There was no evidence of unfitness on the part of either parent.
Based on the evidence in the record, we cannot say that the trial court abused its discretion in concluding that the child’s best interests would be served by giving the mother custody of her child for the three summer months and generous visitation when she is not the child’s custodian.
The judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.