This is a child custody modification case.
The parties to the present litigation were divorced on January 9, 1985. Custody of the parties' only child, a four-year-old son, was awarded to the mother.
On August 19, 1985 the father filed a petition to modify the divorce decree to place permanent custody of the boy in himself. The father also filed a pendente lite petition seeking temporary custody of the boy pending a final determination on his petition to modify. The trial court entered an order on the father's pendente lite petition granting temporary custody to the father pending a final determination of the case.
On March 5, 1986 the father filed a second pendente lite petition alleging that the mother had picked the boy up and refused to return him. The trial court held an ore tenus hearing on the father's petition to modify on June 5, 1986. At the close of the June 5, 1986 hearing, the trial court entered an order allowing the original pendente lite order to remain in effect pending *Page 2 
a final determination on the issue of custody. The court finally entered an order granting permanent custody to the father on August 19, 1986.
The mother now appeals the trial court's final order and contends that the trial court erred in awarding permanent custody to the father. The father, on the other hand, argues that the trial court's final order regarding custody is supported by the evidence and that the mother failed to provide sufficient evidence during the final hearing to allow her to overcome the burden placed on her by the case law of this state.
In Ex parte McLendon, 455 So.2d 863 (Ala. 1984), our supreme court held that the proper standard to be applied in child custody cases wherein a custodial parent had either voluntarily forfeited custody or lost custody due to a prior judicial decree was whether the proposed change in custody materially promoted the child's best interests. In conformity with Exparte McLendon, we have said that a parent who has temporarily lost custody after a court hearing must prove that the child's best interests will be served by allowing that parent to regain custody. See, Davis v. Moody, 459 So.2d 914 (Ala.Civ.App. 1984). We have not, however, decided, nor does our research reveal, whether the supreme court has decided that the entry of a pendente lite order shifts the McLendon rule burden to the previous custodial parent in the final custody disposition hearing after the pendente lite order. As noted above, the case at bar presents that issue for decision.
As previously stated, the McLendon rule is activated any time a custodial parent seeks to regain custody lost due to either voluntary relinquishment, see, Davis v. Moody, supra, or prior judicial decree. See, Prince v. Prince, 490 So.2d 922
(Ala.Civ.App. 1986). McLendon also applies to cases wherein a parent temporarily loses custody. See, Chandler v. Manning,411 So.2d 160 (Ala.Civ.App. 1982); see also, Davis v. Moody,supra.
The temporary custody awards dealt with in theChandler and Davis cases, however, are far different from the pendente lite order in the present case. For one thing, such temporary custody awards are generally intended to last until one of the parties petitions the court to modify the decree granting temporary custody. See, e.g., Willette v. Bannister,351 So.2d 605 (Ala.Civ.App. 1977). Pendente lite orders, on the other hand, are generally entered only during the pendency of the litigation, and are usually replaced by a final order or decree which is entered at the end of the litigation. See,Farley v. Farley, 157 Ind. App. 385, 300 N.E.2d 375 (1973). Therefore, a pendente lite order, whether entered ex parte or after notice and hearing, clearly envisions a temporary disposition of custody pending a later final determination of the custody dispute. A second distinction that can be drawn between temporary custody awards and pendente lite awards lies in the manner by which the two orders may be reviewed. Temporary custody awards may be reviewed by appeal to the Alabama Court of Civil Appeals. See, § 12-22-2, Code 1975; §12-3-10, Code 1975. The proper method of review for pendente lite orders, on the other hand, is by petition for writ of mandamus. See, Sizemore v. Sizemore, 423 So.2d 239
(Ala.Civ.App. 1982). Additionally, since mandamus is an extraordinary remedy, it will be granted only where proof exists that the trial court has erred and that the error will cause the petitioner an ascertainable injury. See, Tollison v. JimSkinner Ford, Inc., 435 So.2d 1235 (Ala. 1983). Thus, temporary custody orders are distinguishable from pendente lite orders because temporary orders constitute final orders from which an appeal will lie to this court, whereas pendente lite orders are not appealable.
A third reason that pendente lite orders are distinguishable from temporary orders is that a trial court's judgment in a final decree following a pendente lite order must be determined on the basis of evidence submitted to the court in support of the final decree. It cannot be based on evidence of changed circumstances submitted in a hearing to modify a temporary decree. See, Sizemore v. Sizemore, supra. Thus, the burden of proof in final decrees following *Page 3 
pendente lite orders is different from the burden of proof required to modify a previous temporary decree.
We believe that the above mentioned distinctions are significant enough for us to say that the McLendon rule does not apply to pendente lite orders. Therefore, we hold as a matter of law that pendente lite orders, unlike other temporary orders or decrees, do not activate the McLendon rule.
We now proceed to apply the law as construed above to the facts in the case at bar. Those facts reveal that the mother was initially awarded custody of the minor child at the time of the parties' divorce in January 1985. Subsequently, the father obtained custody of the boy through the entry of the trial court's pendente lite order. At the final hearing, therefore, the applicable burden of proof still required the husband to prove that he was a fit parent and that the benefits of another change in custody outweighed any potential disruptive effects of such a change in custody. See, Ex parte McLendon, supra.
The trial court, in its final order, expressly stated that the evidence revealed that both parents were equally fit to raise the minor child. However, because the trial court improperly applied the McLendon rule, it placed the burden of proving that the change in custody would materially promote the child's best interests on the mother, rather than the father. The trial court granted custody to the father because it found that the mother had failed to meet the McLendon rule burden of proof. The trial court, therefore, erred in its application of the law to the facts.
In situations where a trial court conducts an ore tenus hearing and serves as a fact finder, as it did here, this court clothes the judgment below with a presumption of correctness and will not reverse the trial court's judgment unless it is so unsupported by the evidence as to be plainly or palpably wrong.Nicholas v. Nicholas, 464 So.2d 527 (Ala.Civ.App. 1985). However, the so-called ore tenus rule does not protect a trial court's application of the law to the facts from appellate scrutiny. Thus, we conclude that the trial court committed reversible error by requiring the wife, rather than the husband, to meet the McLendon burden. For this reason, we must reverse and remand the judgment of the trial court.
The judgment of the circuit court is reversed.
REVERSED AND REMANDED.
All the Judges concur.