BRADLEY, Presiding Judge.
This is a child custody case.
The two children who are the subjects of this custody dispute are Brian and Bradley Stevens. In 1982 both boys were living with their natural mother, Cynthia Reynolds, when a dependency petition was filed concerning them. The petition alleged that the boys’ stepfather was abusing them. Following a seventy-two hour removal hearing, the court awarded the Department of Pensions and Security (DPS) the temporary care, custody, and control of the two boys. Another hearing was held, and the court ordered that DPS maintain custody.
The boys remained in foster care until July 27, 1983 when DPS placed them in the physical custody of their natural father and stepmother. At the time custody was placed in the father and stepmother, the natural mother was in the Army.
Approximately five months after the children were placed in their father’s custody, he died. The natural mother, then on duty with the Army in Germany, wrote DPS and requested that temporary custody of the boys be transferred to the stepmother, Regena Stevens. Temporary custody was placed in the stepmother, and she kept the boys from January 1984 until the court ordered the boys returned to their mother in November 1987.
The stepmother appeals the court’s order returning custody to the natural mother.
That order provides:
“[Rjeturn of custody to the natural mother [would] materially promote the best interest and welfare of the boys, but leaving custody in the stepmother would be a handicap to their development and ultimate success in life.... In this case the mother has shown to the clear satisfaction of the Court that return of custody to the natural mother would materially promote the welfare and best interest of the children in significant dimensions and magnitude.”
In Alabama, if a natural parent seeks to regain custody of his or her child *461 following the child’s temporary placement with another by an earlier court decree, the natural parent must prove that the change in custody will materially promote the child’s best interests. Ex parte McLendon, 455 So.2d 863 (Ala.1984); Chandler v. Manning, 411 So.2d 160 (Ala.Civ.App.1982). In short, the earlier temporary custody decree operates to rebut the presumption favoring a natural parent. Chandler. We also note that in matters of child custody the trial court’s judgment will be reversed only upon a showing that the court’s judgment was plainly and palpably wrong. Chandler.
We have examined the record and note the following facts. The natural mother divorced the stepfather, who was abusing the children. She has since married a man who is in the Army and who has secured a prestigious six-year assignment in Washington, D.C. The mother has also bettered her job situation by entering the military. She kept in touch with the children throughout the time they lived with their stepmother. The stepmother, however, failed to encourage the children to write their natural mother.
The natural mother testified that if custody of her children were returned, she would deposit the boys’ monthly social security check into a savings account for them. The stepmother, on the other hand, saves none of this money. She testified that the boys, ages nine and ten, do not want to go to college or have their money placed in savings. Consequently, their social security income is expended on things like toys. In short, the stepmother and her new husband are making no efforts to provide for the children’s future. Moreover, it appears from the evidence that the boys’ academic achievements are steadily decreasing.
The court concluded that this evidence reflects that a custody change to the natural mother would materially promote and enhance the children’s best interests. In light of our standard of review, we cannot hold that this judgment was plainly and palpably wrong. Consequently, we affirm it.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.