ROBERT P. BRADLEY, Retired Appellate Judge.
This is a child custody case.
The hearing in this case resulted from the consolidation of a circuit court domestic relations case and a juvenile court case. The procedural background of this case is intricate; thus our recitation of it will be limited to only the most pertinent events.
The mother and father were divorced in the Circuit Court of Chilton County, Alabama. The mother was awarded custody of the parties’ minor daughter, with visitation rights for the father. On July 7, 1988 the mother filed a petition alleging that the father had sexually abused the child and requesting the trial court to enter an order temporarily revoking the father’s visitation rights and enjoining him from harassing the mother. The trial court entered an order on July 8, 1988 enjoining the father from harassing the mother but did not revoke visitation. On July 29, 1988 the father filed a petition asking the circuit court for modification of custody and for temporary custody pending the outcome of the modification proceedings. The father alleged that the child had been sexually abused by an unknown party. On August 23, 1988 the father filed a motion for hearing to dissolve the July 8 order. On October 24, 1988 the trial court denied the father’s motion and ordered custody to remain with the mother. The court further ordered that the father’s visitation be supervised by both sets of grandparents. On November 18, 1988 the father and paternal grandparents filed a motion for contempt of court, “or in the alternative temporary custody for the paternal grandmother.” The motion alleged that the mother was in contempt of court for refusing to allow the father to visit with the child. At the same time, the father also filed a motion for psychological analysis of the parties involved in this case, including himself, the mother, the minor child, the maternal grandmother, and the paternal grandparents. The court granted this motion on February 6, 1989 and appointed a psychologist to conduct the various examinations.
After a hearing on the motion for contempt was held on February 17, 1989, the trial court found the mother in contempt of court and sentenced her to five days in jail. On February 21, 1989 the trial court appointed a guardian ad litem for the minor child. On September 12, 1989 the mother filed a motion to revoke visitation of the father, based on the ongoing investigation of the alleged sexual abuse. The mother also reported to the Chilton County Department of Human Resources (DHR) that the child had been sexually abused by the father and that the child’s visits with him were not being supervised. DHR then filed a petition in the Juvenile Court of Chilton County, Alabama, alleging the dependency of the minor child. On September 29, 1989 the juvenile court entered a pre-adjudication order placing the child with DHR. The juvenile court hearing on DHR’s petition took place on October 2, 1989. With the agreement of the parties, the juvenile court found that it was in the *1361 best interests of the child for temporary custody to be given to DHR. The juvenile court also ordered further medical and psychiatric examinations for the child. The mother’s September 12 motion to revoke the father’s visitation remained pending in the circuit court. On December 20, 1989 DHR filed an amended dependency petition in which it alleged that both parents were unfit for custody. Both the father and mother filed motions to dismiss the juvenile court proceedings, and the father also filed a motion for placement. On February 6, 1990 the paternal grandparents filed a motion in juvenile court for placement and custody of the child. The father subsequently dismissed his motion for placement. On May 10, 1990 the mother filed a renewed motion to dismiss the juvenile proceedings because the cause was pending in circuit court. On May 14, 1990 all the proceedings pending in circuit court and juvenile court were consolidated for trial. The trial was held on September 19 and September 20,1990. The guardian ad litem filed her report, including her recommendation for custody, on September 21, 1990. On October 10, 1990 the trial court entered an order granting custody of the child to the paternal grandparents. The mother appeals from this order.
The dispositive issue on appeal is whether the trial court erred in awarding custody of the child to the paternal grandparents. The mother relies on Ex Parte McLendon, 455 So.2d 863 (Ala.1984), in which the Alabama Supreme Court established a strong presumption favoring the natural parent as custodian over a nonparent. The mother contends that the trial court erred in not affording her this presumption.
The presumption established in McLendon does not apply where the natural parent has voluntarily forfeited custody or where the trial court has entered a prior decree removing custody from the natural parent and awarding it to a nonparent. Ex parte Terry, 494 So.2d 628 (Ala.1986); Moore v. State Dep't of Pensions & Security, 475 So.2d 882 (Ala.Civ.App.1985). After such a decree or forfeiture, the natural parent may not reclaim custody of the child unless the parent can show that a change in custody would “materially promote” the child’s welfare. McLendon.
Here, the trial court apparently found that the presumption in favor of custody with the mother was overcome by the granting of temporary custody to DHR. The record does show that the trial court entered a prior decree finding the child dependent and awarding temporary custody to DHR. Moreover, the record shows that the mother agreed that awarding custody to DHR would be in the best interests of the child. However, we do not find that this granting of temporary custody to DHR constitutes a forfeiture of the mother’s prima facie right to custody of the child. Rather, it appears that the order granting custody of the child to DHR was in the nature of an order pendente lite.
In Sims v. Sims, 515 So.2d 1 (Ala.Civ.App.1987), this court delineated the differences between an award of temporary custody and a pendente lite order. There, we said that pendente lite orders are generally entered only during the pendency of the litigation and are usually replaced by a final order or decree which is entered at the end of the litigation. We also said that such orders do not overcome the presumption in favor of awarding custody to a parent over a nonparent.
Here, the trial court’s order indicates that DHR was granted custody of the child merely for the duration of the investigation of alleged sexual abuse, after which the trial court would make a final determination regarding custody. There was no finding that the mother was unfit, nor did DHR attempt to prove her unfitness at the time it was awarded temporary custody of the child. Rather, the record indicates that custody was placed with DHR only to provide the child with stability during the potentially traumatic investigation. In light of these facts, we do not find that the presumption favoring custody to the mother was waived by the temporary award of custody to DHR.
In its final order, the trial court found that the mother had not successfully proven that an award of custody to her *1362 would “materially promote the child s best interests and welfare; that is, the trial court applied the burden of proof required by McLendon. However, when the presumption favoring the natural parent remains intact, the parent does not have the burden of proving that an award of custody would “materially promote” the child’s best interests. Ex parte Terry. Rather, the burden is on the nonparent to prove that the parent seeking custody is guilty of such misconduct or neglect as to be declared unfit for custody. Ex parte Terry.
In the case at bar, the trial court found that the mother failed to meet the McLen-don standard and awarded custody to the paternal grandparents. By making such a finding, the trial court misapplied the law to the facts in this case. For such error, the judgment of the trial court is reversed and the cause is remanded for further proceedings.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.