607 So.2d 234 (1991)
J.F.
v.
A.G.
(In re J.N.F. and L.M.F.).
2900498.
Court of Civil Appeals of Alabama.
December 6, 1991.
Jon B. Terry of Bains & Terry, Bessemer, for appellant.
Thomas H. Jackson, Bessemer, for appellee.
ROBERTSON, Presiding Judge.
On November 17, 1988, J.F., father, and L.F., mother, were divorced by order of the Jefferson County Circuit Court, Bessemer division. Custody of the parties' two minor children, J.N.F. and L.M.F., was awarded *235 to the mother. The father was awarded visitation rights.
On August 15, 1989, the trial court found that the children were dependent and awarded guardianship and temporary custody over them to the mother's parents, A.G. and H.G. The father did not receive notice of that hearing, nor was he represented.
On October 31, 1989, the Jefferson County Probate Court entered an adoption decree wherein the grandparents adopted the minor children. However, on January 22, 1990, the probate court set aside the adoptions on the grounds that the father did not consent to them and that abandonment was not proven.
On March 6, 1990, the trial court set aside its order of August 15. However, it also ordered that the temporary custody of the children was to remain with the grandparents, pending an in-home study of both the natural parents and the grandparents.
Finally, on April 30, 1991, the trial court found that it was in the children's best interests for their custody to remain with their grandmother, A.G. The trial court granted the father reasonable visitation rights. The father then filed a motion for new trial or, in the alternative, to amend the trial court's decree, which the trial court denied.
The father appeals, asserting that the trial court erred in its award of custody to the grandmother. He contends that the court's order reflects that it failed to apply the appropriate standard when it determined the children's custody.
Pursuant to Alabama law, a child's parent has a prima facie right to custody of his or her child in a custody dispute between the parent and a nonparent. Roden v. Colburn, 522 So.2d 290 (Ala.Civ.App. 1988). However, in cases where the natural parent has voluntarily relinquished custody, or the trial court has removed custody from the parent and awarded it to a nonparent by virtue of a prior decree, the presumption favoring the natural parent does not exist. Ex parte Terry, 494 So.2d 628 (Ala.1986).
Following the entry of such a decree or the parent's voluntary relinquishment of custody, the parent may not regain custody without establishing that a change would "materially promote" the child's welfare. Ex parte McLendon, 455 So.2d 863 (Ala.1984). However, the granting of temporary custody to a nonparent, that is in the nature of pendente lite relief, does not defeat the presumption in favor of the natural parent. T.L.L. v. T.F.L., Jr., 580 So.2d 1359 (Ala.Civ.App.1991); See also Sims v. Sims, 515 So.2d 1 (Ala.Civ.App.1987).
Here, the father never relinquished custody of his children to a nonparent, nor did he have custody removed from him by a court decree that would defeat his prima facie right to his children. Instead, the court only ordered that the grandparents have temporary custody of the children and that an in-home study of the father and grandparents be conducted.
Thus, for the trial court to have removed custody from the father, it had to determine that the father was unfit. Ex parte Terry. No such finding was made, and the evidence does not support such a finding.
In fact, in the Department of Human Resources (DHR) family study, the social worker found that the father's home was neat, had an ample yard, was attractively furnished and suitable for occupancy. The social worker also noted that the father was employed and that DHR could not make a recommendation concerning custody because the children were functioning well in both (the father's and the grandmother's) homes.
In this case, the burden was on the grandmother to prove that the father was guilty of such misconduct or neglect that he could be declared as unfit for having custody of his children. Ex parte Terry. However, the trial court misapplied the law in this case and made a finding that it was in the children's best interests to award their custody to the grandmother. As a result of this error, the judgment of the trial court must be reversed, and this case is remanded for further proceedings.
*236 REVERSED AND REMANDED WITH DIRECTIONS.
THIGPEN and RUSSELL, JJ., concur.