THIGPEN, Judge,
concurring in part and dissenting in part.
Although I concur with the majority that the cause must be reversed, it appears that the present case exposes an inconsistency in the application of Ex parte Terry, 494 So.2d 628 (Ala.1986). In Terry, our Supreme Court established the rule that a natural parent has a prima facie right to custody of his/her child as against a non-parent. This presumption in favor of the natural parent can be overcome by clear and convincing evidence that the natural parent is unfit or unsuited for custody and that the best interests of the child will be served by granting custody to the non-parent, or by showing that the parent has voluntarily forfeited his/ her right of custody.
Some cases cite Terry, supra, as standing for the proposition that a parent’s prima facie right to custody can be overcome by showing that the parent voluntarily relinquished custody to a non-parent (emphasis added). See, e.g., P.L.H. v. E.C., 601 So.2d 1018 (Ala.Civ. App.1992); H.T. v. C.T.W., 569 So.2d 418 (Ala.Civ.App.1990); and Roden v. Colburn, 522 So.2d 290 (Ala.Civ.App.1988). As a slight divergence, other cases seem to hold that any forfeiture extinguishes the presumption in favor of the natural parent. See, e.g., Ex parte Woodfin, 596 So.2d 918 (Ala. 1992); Wright v. Wright, 602 So.2d 421 (Ala. Civ.App.1992); S.M. v. State Department of Human Resources, 598 So.2d 975 (Ala.Civ. App.1992); and T.L.L. v. T.F.L., 580 So.2d 1359 (Ala.Civ.App.1991). The recent Supreme Court case of Jones v. Jones, 620 So.2d 4 (Ala.1992), relies on Ex parte McLendon, 455 So.2d 863 (Ala.1984). Jones quotes McLendon in pertinent part as follows:
*303 “A natural parent has a prima facie right to the custody of his or her child. However, this presumption does not apply after a voluntary forfeiture of custody or a prior decree removing custody from the natural parent and awarding it to a non-parent.”
McLendon at 865. This language seems to indicate that our Supreme Court is following the latter standard.
The distinction is important in the present case where it appears that the natural father may have voluntarily relinquished custody to the natural mother. Utilizing the principles set out in the first line of cases, the father did not relinquish custody to a non-parent, and hence he would have a prima facie right to custody against the child’s maternal grandmother. See Terry, supra. Utilizing the principles of the latter line of cases, the father’s relinquishing custody to the natural mother would extinguish the presumption that he is entitled to custody, and he would face the McLendon standard. The majority opinion seems to incorporate both lines of cases by stating that “review of the record establishes that the father never relinquished custody of the child to the grandmother....”
The record reveals that the parents never married and that the child lived with its mother until her death. The father’s involvement with the child has been negligible since he moved to Texas when the child was three years old. Additionally, it is only after the mother’s death that the father pursued legitimization proceedings and seeks custody. Under the circumstances, it is my opinion that the cause should be remanded to the trial court for determination of whether the father’s prolonged absence is tantamount to “voluntary relinquishment” to the mother and also the maternal grandmother. If the trial court determines that the father voluntarily relinquished custody, then the matter should be decided using the McLendon analysis. If the trial court determines that the father did not voluntarily relinquish custody, then the Terry analysis is proper.
The majority opinion refers to the November 1991, order as a “temporary disposition of custody pending a final determination.” That order was properly a pendente lite order. A temporary order is intended to last until one party petitions the court for modification. Sims v. Sims, 515 So.2d 1 (Ala.Civ. App.1987). Pendente lite orders are generally intended to last only during the pendency of the litigation. Sims, supra. From the wording of this order, “pending further order of this Court,” it is clear that the trial court intended that its November 1991, order be a pendente lite order. It should be noted that had the November 1991, order been a temporary order, the McLendon standard would automatically be proper. Sims, supra.
Last, it appears that the majority’s opinion does not reverse and remand for further proceedings, but actually renders judgment for the father. It is my opinion that the more proper course would be for this court to reverse and remand the cause for further proceedings, so that the trial court may make the determination utilizing the proper standard. Regardless of the standard used, the result may be the same.