PER CURIAM.
This case involves a long-running, litigious battle between the mother and the father over custody and visitation of their minor child. The mother appeals from a custody order entered on July 31, 1992. Her post-judgment motion was denied on August 7, 1992, and notice of appeal was filed on September 9, 1992.
The intervenor, State Department of Human Resources (DHR), contends that the July 31, 1992, order was, in fact, a pendente lite order and, as such, cannot be appealed. The proper method of review for pendente lite orders is by petition for writ of mandamus, and mandamus is an extraordinary remedy. Sims v. Sims, 515 So.2d 1 (Ala.Civ.App.1987).
Because of the seriousness of the allegations and assertions made by the mother in this appeal, we elect to treat the July 31, 1992, order as a temporary custody award, which, in Sims, this court held may be reviewed by appeal.
Custody of the minor child was removed from the mother by the trial court on June 9, 1992, and awarded to DHR. The trial court’s order of July 31, 1992, changed physical custody from DHR and granted “the temporary care, custody, and control” of the minor child to the father. The mother appeals from that order, contending that the trial court committed an abuse of discretion and failed to apply the proper burden of proof.
The record reflects that the trial court has attempted to adjudicate a very difficult custody battle to accomplish a result which is in the best interests of the minor child. DHR contends that what the trial court did was in the best interests of the child. As a general rule, “where evidence is presented ore tenus, a child custody determination is committed to the sound discretion of the trial court, and will not be reversed on appeal absent a finding that the determination is so poorly supported by the evidence as to be plainly and palpably wrong.” Ex parte Walters, 580 So.2d 1352, 1353 (Ala.1991). Also, the father has a prima facie right to *777 custody of his child as against DHR. Ex parte Terry, 494 So.2d 628 (Ala.1986).
A recitation of the evidence, accusations, reports, and testimony before the trial court would serve no useful purpose in this matter. After reviewing the record, we cannot hold that the trial court’s determination was plainly and palpably wrong.
All pending motions before this court in this matter are deemed denied. The judgment of the trial court is affirmed.
AFFIRMED.
All the Judges concur.