L. CHARLES WRIGHT, Retired Appellate Judge.
B.R. and T.R. were killed in an automobile accident on May 31,1992. They died without making provisions for the care and custody of their twelve-month-old child.
The Tallapoosa County Department of Human Resources filed a petition in the juvenile court, alleging the child to be dependent. The department immediately contacted family members regarding the temporary custody of the child. On June 2, 1992, the juvenile court found the child to be dependent and awarded temporary custody to E.R. and L.R., the child’s paternal aunt and uncle, until a final dispositional hearing could be held.
The paternal aunt and uncle subsequently filed a petition, requesting permanent custody of the child. J.B. and B.B., the child’s maternal aunt and uncle, also filed a petition, requesting permanent custody. Two other couples filed petitions regarding the custody of the child. Their positions regarding the matter are not germane to the disposition of this appeal.
After hearing testimony from all the petitioners, the juvenile court awarded permanent custody to E.R. and L.R., the paternal aunt and uncle. J.B. and B.B., the maternal aunt and uncle, appeal.
The sole issue raised on appeal is whether the juvenile court abused its discre *943 tion in granting' custody of the child to the paternal aunt and uncle.
There is a strong presumption in favor of the trial court’s findings in child custody eases. Cory v. Cory, 429 So.2d 1096 (Ala.Civ.App.1983). As in all cases where judgment is rendered after oral proceedings, the judgment of the court is presumed correct and will be reversed on appeal only if it is so unsupported by the evidence as to be plainly and palpably wrong. Cory.
The paternal aunt and uncle suggest in their brief that the award of custody was proper because the maternal aunt and uncle failed to meet the McLendon burden. Ex parte McLendon, 455 So.2d 863 (Ala.1984). For clarification purposes, we point out that the McLendon burden is not applicable to this action. The order granting temporary custody to the paternal aunt and uncle was a pendente lite order. Such orders do not trigger the more stringent McLendon burden. Sims v. Sims, 515 So.2d 1 (Ala.Civ.App.1987). The parties entered the proceedings on equal footing. The paramount consideration for the court was the best interests of the minor child. Cory.
There is no point in setting out the evidence in the present case. Our careful review of the evidence reflects that each couple is competent and fit to have custody of the child. Permanent custody was given, after lengthy testimony, to the couple who had had temporary custody for almost one year. The judge exercised his judicial discretion in determining custody. This court will not overrule his judgment absent material evidence of an abuse of discretion. We have found no such evidence.
This court would charge the interested parties to work together without rancor or conflict to serve the welfare and best interests of this orphaned child.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.