THIGPEN, Judge,
dissenting.
I must respectfully dissent. In its February 8, 1993, order, the trial court awarded custody of the minor child to the father “pending further review,” and set the matter for a June 4, 1993, hearing. The express language of the order demonstrates that the trial court entered the order “during the pendency of the litigation” and that it clearly envisioned “a temporary disposition of custody pending a later final determination of the custody dispute,” as delineated by Sims v. Sims, 515 So.2d 1, 2 (Ala.Civ.App.1987). As such, no subsequent custody petition was anticipated prior to the hearing set for June, nor was one filed. The express wording of the trial court’s February order confirms that the trial court had no intention for that order “to last until one of the parties petitions the court to modify.” Sims at 2. In its June order, the trial court recognized the father’s “good and appropriate care” for the child “in the interim” between his petition and the June determination on that original petition.
In the case sub judice, it is my opinion that the February order merely provided arrangements for the child’s custody and delayed the determination regarding the father’s December petition until after the June hearing. I believe this court should honor
*947 the trial court’s express intentions. Accordingly, the father’s burden to meet the standard of Ex parte McLendon, 455 So.2d 863 (Ala.1984), continued to the June hearing, Sinee I find no error in the trial court’s June order, which denied the father’s petition for custody, I would affirm that judgment, and therefore, I must respectfully dissent.