CRAWLEY, Judge.
This is a custody dispute between the mother and the paternal grandmother of a 21/2-year-old child. B.S.L. is the mother and R.N.M. is the grandmother. The father of the child is A.R.M., the son of R.N.M. The child’s parents have never been married. The mother was 17 years old when she gave birth to the child. The child has lived with her father and paternal grandmother, in the paternal grandmother’s house, for over two years.
After an ore tenus proceeding, the trial court awarded custody of the child to the paternal grandmother. The mother appeals, claiming that the trial court erred by awarding custody of the child to the grandmother without a finding that she (the mother) was unfit. We agree.
“ In a custody dispute between a parent and a nonparent, the parent has a prima facie right to custody of his or her child. Ex parte D.J., 645 So.2d 303 (Ala.1994). Unless the trial court finds that the parent is unfit, or that the parent has voluntarily relinquished custody of the child, or that the parent has lost custody of the child by virtue of a prior order, the law presumes that the best interests of the child will be served by giving the parent custody. Ex parte Terry, 494 So.2d 628 (Ala.1986); Ex parte Mathews, 428 So.2d 58 (Ala.1983); E.C.B. v. J.S., 612 So.2d 1243 (Ala.Civ.App.1992); Roden v. Colburn, 522 So.2d 290 (Ala.Civ.App.1988).
“In this case, the trial court did not find that the mother was unfit. Therefore, unless the mother had voluntarily relinquished custody or had lost custody of the child by virtue of a prior order,[1] the mother did not have the burden of proving that the best interests of the child would be served by granting her custody. Instead, she would have had a presumptive right to custody which could be overcome only by clear and convincing evidence that she was unfit, see Chandler v. Whatley, 238 Ala. 206, 189 So. 751 (1939), or by proof that she had relinquished or lost custody, see Ex parte D.J., 645 So.2d 303.”
D.P.M. v. D.B., 669 So.2d 191, 193-94 (Ala.Civ.App.1995).
The trial court made no finding that the mother had voluntarily relinquished the child or that the mother was unfit. The judgment of the trial court is, therefore, reversed and the cause remanded for a redetermination of custody. On remand, the trial court should apply the principles stated in Ex parte D.J., Ex parte Terry, and Roden v. Colburn, all cited in the quotation from D.P.M., supra.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES and THOMPSON, JJ., concur.
MONROE, J., concurs specially.

. The "prior order” must be something other than a pendente lite order. See D.P.M. v. D.B., 669 So.2d 191, 194 (Ala.Civ.App.1995); T.L.L. v. T.F.L., 580 So.2d 1359 (Ala.Civ.App.1991); Sims v. Sims, 515 So.2d 1 (Ala.Civ.App.1987).