THOMPSON, Judge,
dissenting.
The trial court’s order stated that “the disruption of the minor child continuing to live in her father’s home would not outweigh the benefit of the change of primary custody.” The trial court did not apply the proper standard; the test is not whether the disruption in the daughter’s life caused by living with MeWaters would outweigh the benefits that would result from the requested change in primary custody. The McLendon standard requires a determination that the inherently disruptive effects of removing the daughter from Statz’s custody would be “more than offset” by the positive good brought about by that change. Ex parte McLendon, 465 So.2d 863, 865 (Ala.1984).
I do not believe MeWaters met the stringent McLendon standard. “The evidence [supporting a change in custody] must be so substantial as to show an obvious and overwhelming necessity for a change.” Vick v. Vick, 688 So.2d 852, 855 (Ala.Civ.App.1997) (citing Klapal v. Brannon, 610 So.2d 1167 (Ala.Civ.App.1992)). MeWaters testified that he believed Statz had provided a stable home for the child in Illinois. I would note that most of Statz’s early difficulties in Nevada did not affect the child, who was visiting MeWaters. I would also note that, during the late summer and the fall of 1996, Statz could not contact MeWaters or the child by telephone to arrange for the return of the child because MeWaters had elected not to continue the telephone service at his residence. Further, the psychologist who treats the child testified that the child’s academic problems and her concentration difficulties stemmed from her difficulty with “relocating, separation from her mother, integrating into a new family with a stepmom and coming into a new school system.” Although counseling resolved the child’s academic performance problems, she immediately began to sleepwalk and had to be placed on medication.
I do not believe MeWaters presented sufficient evidence establishing that a change in custody would “materially promote” the best interests of the child. The main opinion states that this court should not reweigh the evidence or supplant our judgment for that of the trial court. That familiar precept, however, applies to questions of fact. Whether the trial court has improperly applied the McLendon test is not a question of fact; it is a question of law, or an application of the law to the facts. See Sims v. Sims, 515 So.2d 1, 3 (Ala.Civ.App.1987). The ore tenus rule “does not protect a trial court’s application of the law to the facts from appellate scrutiny.” Id. Because I would reverse the judgment of the trial court granting custody to MeWaters, I must respectfully dissent.
CRAWLEY, J., concurs.