Henry Grant and Mercedes Grant were divorced by the Chambers Circuit Court on January 15, 1997. The court awarded custody of the parties' two minor children to the wife. The husband petitioned for a rule nisi, a modification, and for certain ex parte relief on August 29, 1997; after a hearing on the petition, the trial court awarded custody to the husband pending a final hearing. The wife's attorney withdrew from the case in April 1998, and on September 12, 2000, the wife filed a motion to set the matter for a final hearing. The court held a hearing, at which the parties presented testimony ore tenus. At the conclusion of that hearing, the court denied the husband's motion for a modification of the custody order and awarded custody of the children to the wife. The husband moved to alter, amend, or vacate the court's order, or, in the alternative, for a new trial. The court denied his motion. The husband appeals.
The husband argues that the passage of time, from the trial court's order of September 29, 1997, awarding custody of the children to the husband pendente lite, and the wife's September 13, 2000, filing of *Page 825 
a motion to set for trial — time that the children were with the father — should somehow shift to the mother the burden of meeting the standard set out in Ex parte McLendon, 455 So.2d 863 (Ala. 1984); i.e., he argues that because the children were with him on a pendente lite basis for that period the wife should be treated as the party seeking now to change custody. The father cites no caselaw in support of his argument, but asks that, on equitable principles, including the doctrine of laches, we change the rules in this case and apply theMcLendon standard against the custodial parent. The husband's second argument, really an extension of the first, is that we should consider the trial court's pendente lite order as a temporary custody order for purposes of review; doing so, he says, would allow us to apply theMcLendon standard against the wife, who would then be the noncustodial parent. The husband cites Brothers v. Brothers, 628 So.2d 776
(Ala.Civ.App. 1993), for the proposition that we have previously elected to treat a pendente lite order as a temporary order. Brothers is inapposite to this case for a variety of reasons, among them the fact that in Brothers the seriousness of the mother's allegations made on appeal and the fact that the Department of Human Resources was involved in that case show that there was some grave or emergency reason for this court to make that election. We see no similarity between Brothers and the case now before us, and we reject this argument.
As to the more general argument, we have long held to the proposition that the entry of a pendente lite order does not shift the McLendon
burden of proof. Ex parte R.C.L., 627 So.2d 920 (Ala. 1993), Sims v. Sims,515 So.2d 1 (Ala.Civ.App. 1987). The husband argues that the passage of time alone should reverse the rule — that because the McLendon
standard was intended to prevent frequent disruptions in the lives of children, the wife's waiting for almost three years before requesting a final hearing should allow us to impose on her the McLendon burden of proof. The trial court's order of November 8, 2000, notes that the wife had had a dispute with her attorney and that the attorney had withdrawn from her case approximately six months later. Regardless of the wife's reasons for not seeking a final hearing earlier, the husband's argument is fatally flawed for one obvious reason: any prejudice or harm to the children by this late filing could have been alleviated by the husband's doing what he argues the wife should be penalized for not doing; he could have, at any time, asked for a final hearing to determine custody.
With respect to the analysis put forth in the dissent, we believe that this majority opinion disposes of the appeal on the basis of the issue presented to both the trial court and this court. We have previously held that this court may not reverse a judgment based on an issue that has not been raised either in the trial court or in this court. Pate v. BillyBoyd Realty Constr., Inc., 699 So.2d 186 (Ala.Civ.App. 1997). An issue that is not raised on appeal is waived. Pardue v. Potter, 632 So.2d 470
(Ala. 1994); Deutcsh v. Birmingham Post Co., 603 So.2d 910 (Ala. 1992).
This court has long held that a trial court's judgment based on ore tenus evidence will not be reversed unless the evidence shows that the judgment is plainly and palpably wrong. Crane v. Crane, 392 So.2d 242
(Ala.Civ.App. 1980). Additionally, the modification of a child-custody order is a matter vested within the sound discretion of the trial court, and on appeal its findings are presumed correct. Murphy v.Murphy, 479 So.2d 1261 (Ala.Civ.App. 1985). *Page 826 
Based on the facts of this case, the arguments of the parties, and the relevant caselaw, we affirm the judgment of the trial court.
AFFIRMED.
Yates, P.J., and Crawley and Thompson, JJ., concur.
Murdock, J., dissents.