877 So.2d 607 (2003)
Carlos O'Dell SPEARS, Jr.
v.
Peggy Sue Spears WHEELER.
No. 2020583.
Court of Civil Appeals of Alabama.
October 24, 2003.
*608 Connie Cooper, Phenix City, for appellant.
Peggy Sue Spears Wheeler, pro se.
THOMPSON, Judge.
Carlos O'Dell Spears, Jr. ("the father"), and Peggy Sue Spears Wheeler ("the mother") divorced in March 1992. The mother was awarded custody of the couple's only child. After the divorce, the mother and the child moved to Connecticut.
In August 2001 the father filed a petition to modify custody and visitation in the Russell Circuit Court ("the trial court"). The mother petitioned for a stay of the proceedings, but her petition was denied. The mother failed to appear in court, and the father was awarded custody by a default judgment entered on August 22, 2001. However, for reasons that are not clearly indicated in the record, the child remained with the mother in Connecticut.
On March 14, 2002, the mother filed a petition to modify custody and for a rule nisi in the trial court, seeking to regain custody of the child. The court received ore tenus evidence at a hearing in February 2003, and, on February 18, 2003, it awarded custody of the child to the mother. The father appealed.
The father argues on appeal that the trial judge failed to apply the child-custody-modification standard set forth in Ex parte McLendon, 455 So.2d 863 (Ala.1984), and, therefore, that it erred in awarding custody to the mother. Generally, the judgment of a trial court based on ore tenus evidence is presumed correct, and the judgment will not be set aside absent a finding that its determination is so unsupported by the evidence as to be an abuse of discretion. Porter v. Porter, 477 So.2d 433 (Ala.Civ.App.1985). However, where a trial court bases its custody determination on an improper custody-modification standard, that judgment is due to be reversed. See Ex parte S.T.S., 806 So.2d 336 (Ala.2001); B.S.L. v. S.E., 826 So.2d 890 (Ala.Civ.App.2002); C.P. v. M.K., 667 So.2d 1357 (Ala.Civ.App.1994).
Where a prior custody judgment exists, a party seeking a change in custody must show that the change will materially promote the child's best interest and that the benefits of the requested change will more than offset the inherently disruptive effect caused by uprooting the child. Ex parte McLendon, supra.
In this case, the most recent custody judgment is the August 2001 default judgment awarding custody to father. The mother did not seek to set aside that judgment but, instead, sought to modify it. Therefore, she was required to meet the McLendon standard. We are unable to ascertain from the trial court's judgment the standard it applied in reaching its February 18, 2003, custody determination. From comments in the transcript, it appears that the trial court may have applied the "best interests" standard set forth in Ex parte Couch, 521 So.2d 987 (Ala.1988).
*609 Given this court's inability to determine the standard used by the trial court in reaching its custody decision and the facts presented before us in the record on appeal, the judgment of the trial court is reversed, and the cause is remanded to allow the trial court to evaluate the evidence in accordance with the standard set forth in Ex parte McLendon and, if appropriate, to make findings of fact in support of its custody determination. Martin v. Payne, 739 So.2d 510 (Ala.Civ.App.1999); Dodd v. Dodd, 655 So.2d 1000 (Ala.Civ.App.1994); Clayton v. Clayton, 598 So.2d 929 (Ala.Civ.App.1992).
REVERSED AND REMANDED.
CRAWLEY and PITTMAN, JJ., concur.
YATES, P.J., and MURDOCK, J., dissent.
MURDOCK, Judge, dissenting.
The father was awarded custody pursuant to a default judgment entered on August 22, 2001, but he never actually had primary physical custody of the child. As I read it, the custody presumption articulated by our Supreme Court in Ex parte McLendon, 455 So.2d 863 (Ala.1984), therefore does not apply in favor of the father under the particular facts of this case.[1]
Our Supreme Court, in Ex parte McLendon, stated as follows:
"A natural parent has a prima facie right to the custody of his or her child. However, this presumption does not apply after a voluntary forfeiture of custody or a prior decree removing custody from the natural parent and awarding it to a non-parent. Ex Parte Mathews, 428 So.2d 58 (Ala.1983); Ex Parte Berryhill, 410 So.2d 416 (Ala.1982); Horton v. Gilmer, 266 Ala. 124, 94 So.2d 393 (1957); Lewis v. Douglass, 440 So.2d 1073 (Ala.Civ.App.1983).
"....
"The correct standard in this case is:
"`Where a parent has transferred to another [whether it be a non-parent or the other parent], the custody of h[er] infant child by fair agreement, which has been acted upon by such other person to the manifest interest and welfare of the child, the parent will not be permitted to reclaim the custody of the child, unless [s]he can show that a change of the custody will materially promote h[er] child's welfare.'
"Greene v. Greene, 249 Ala. 155, 157, 30 So.2d 444, 445 (1947), quoting the Supreme Court of Virginia, Stringfellow v. Somerville, 95 Va. 701, 29 S.E. 685, 687, 40 L.R.A. 623 (1898).
"Furthermore,
"`[This] is a rule of repose, allowing the child, whose welfare is paramount, the valuable benefit of stability and the right to put down into its environment *610 those roots necessary for the child's healthy growth into adolescence and adulthood. The doctrine requires that the party seeking modification prove to the court's satisfaction that material changes affecting the child's welfare since the most recent decree demonstrate that custody should be disturbed to promote the child's best interests. The positive good brought about by the modification must more than offset the inherently disruptive effect caused by uprooting the child. Frequent disruptions are to be condemned.'
"Wood v. Wood, 333 So.2d 826, 828 (Ala.Civ.App.1976)."
Ex parte McLendon, 455 So.2d at 865-66 (emphasis added).
The child has lived with the mother continuously for the past 12 years, including the 18 months between the August 22, 2001, default judgment in favor of the father and the February 18, 2003, judgment awarding custody of the child once again to the mother. Thus, for whatever reason, the father never "acted upon [the court order] ... to the manifest interest and welfare of the child," and the child never put down "roots" with the father as contemplated by Ex parte McLendon.
The "McLendon" rule, both in its underlying policy and its literal language, is a "rule of repose" concerned with the "uprooting" of a child from a stable home and a relationship in which the child has put down "roots" in the wake of a voluntary forfeiture or a court order transferring custody. It is therefore inapplicable in this case.
In Ex parte K.T.G., 749 So.2d 458 (Ala.1999), then Chief Justice Hooper stated:
"The rationale behind the McLendon standard is to prevent children from being uprooted from a stable home unless the move will substantially benefit the child. In the present case, the child did not live with the parent who had legal physical custody, but had always lived with the petitioning parent. The rationale of McLendon is inapplicable because the child would not be uprooted if the petitioning parent were given legal physical custody."
749 So.2d at 459 (Hooper, C.J., concurring specially) (emphasis added). See Ex parte Weiss, 718 So.2d 44, 44-45 (Ala.1998) (Maddox, J., dissenting from denial of certiorari, joined by Hooper, C.J.) (recognizing policy underlying McLendon standard as one of minimizing disruption to the child and questioning whether the McLendon standard should apply when that purpose is not served); Pickett v. Pickett, 792 So.2d 1124, 1129 (Ala.Civ.App.2001) (Murdock, J., concurring specially); Grant v. Grant, 820 So.2d 824, 829-30 (Ala.Civ.App.2001) (Murdock, J., dissenting).
The McLendon presumption was not adopted for the purpose of enabling parents to vindicate their rights. (If it were, the conduct of the parents might more logically and more readily affect the application of that standard.) As made clear by the manner in which our Supreme Court in Ex parte McLendon articulated the presumption, and by their explanation of the rationale underlying that presumption, and as acknowledged by Chief Justice Hooper in his special writing in Ex parte K.T.G. and by Justice Maddox in his special writing in Ex parte Weiss, the concern of the McLendon presumption is the best interest of the children.
"The McLendon presumption is for the benefit of the child, not the parent. When, for whatever reason, a stable, nurturing home in which the child has put down roots necessary for his or her healthy growth does not exist with a particular parent, there is no `inherently disruptive effect' in not awarding physical *611 custody of the child to that parent; the McLendon presumption logically cannot apply in such a case."
Grant v. Grant, 820 So.2d at 829-30 (Murdock, J., dissenting) (emphasis omitted). See Pierce v. Pierce, [Ms. 2010940, July 11, 2003] ___ So.2d ___, ___ (Ala.Civ.App.2003) (Thompson, J., concurring in the result) ("It is the child's best interest that is sought to be protected by the application of the McLendon standard in a custody determination; that standard is not for the benefit or the convenience of the child's parents."). See generally Smith v. Smith, 865 So.2d 1207, 1211 (Ala.Civ.App.2003) (Murdock, J., concurring in the result); R.K. v. R.J., 843 So.2d 774 (Ala.Civ.App.2002).
I therefore respectfully dissent.
NOTES
[1] This is not to say that the August 22, 2001, judgment awarding custody to the father, from which the mother did not appeal, was without any legal effect vis-a-vis the mother's subsequent March 2002 petition for modification of custody. The August 22, 2001, judgment became final, thereby requiring the mother to show a material change of circumstances in order to obtain any subsequent custody modification. This is a different standard, however, than that which would be imposed under Ex parte McLendon. Well before Ex parte McLendon was decided, our courts held that it was "axiomatic to review of decrees of modification as to custody of children that such a decree should be entered only upon proof of a material change of circumstances of the parties since the prior decree, which change of circumstances is such as to affect the welfare and best interest of the child or children involved.... The burden of showing a change of circumstances which affects the best interest and welfare of the children is upon the petitioner." Ponder v. Ponder, 50 Ala.App. 27, 30, 276 So.2d 613, 615 (Civ.1973).