The result of the main opinion in this case is to make nonappealable a custody award that, by its terms, fixes the custody of the child for up to eight months and that, unless a party seeks some further action by the court, will remain in place indefinitely. This result follows from the main opinion's treatment of the custody award as a pendente lite award. Like Judge Crawley, I do not think the custody award at issue can properly be viewed or treated as a pendente lite award.
In his separate writing, Judge Crawley states:
 "The trial court's custody award is not a pendente lite custody award — i.e., one made pending a review hearing or a further hearing on the matter that was before the court at the time of the judgment; instead, it appears that the trial court's October 23, 2003, order settles the custody issue either until the mother relocates to the United States or until July 1, 2004, whichever occurs first, or until a party — either the mother or the father — files a motion at a later date for `permanent custody.'"
897 So.2d at 361 (Crawley, J., dissenting). As I read the trial court's order, that court has declared that custody is to be in the father and that that court will not make any further change of custody until either the mother returns to the United States or July 1, 2004, a date more than eight months after the date of the trial court's order.[1] This aspect of the trial court's order, alone, makes the custody award at issue one that is not "pendente lite" — i.e., one that is pending the completion of discovery and the holding of a hearing on the matter that is already before the court — but instead one that is intended to remain in place pending an extrinsic future event or passage of a fixed time. In addition, however, the order contemplates that the award of custody to the father will remain in effect indefinitely even after the mother's return to the United States or July 1, 2004, unless the mother makes another filing seeking a further change of custody.
It is not clear whether the mother, at such time in the future as she may choose to file what the trial court refers to as a "motion" to transfer custody back to her, must make a further evidentiary showing to establish that the change of custody is justified under the facts in existence at that time. If such a showing is to be required, then the "motion" referred to in the trial court's order can only be properly treated as a new "petition," whether designated by the trial court as such or not. This is so because, if such a showing is to be required, that "motion" will entail a request that the trial court decide the custody of the child based on facts as they will come to exist at that future time, including whatever developments may occur in relation to the parties and the child between the time of the present order and the future adjudication. Alternatively, if no such showing will be required, then the trial court's present order amounts to a declaration that it will, at that future time, adjudge what custodial arrangement will be in the best interest of the child based on the present record (plus the fact of the mother's return to this country or the passage of a period of more than eight *Page 363 
months of time). Obviously, that record does not, and will not, reflect whatever developments in the lives of the parties and the child may occur between now and then. Such an approach would be a distortion of the process and is not the purpose for which pendente lite orders were intended. The trial court had an obligation to decide the custody dispute submitted to it by the parties based on the present facts, and not to wait upon some additional facts, i.e., a different case, to develop.
It is one thing for a trial court to take into consideration developments that unavoidably occur between the time of the filing of an action and the time when the litigation process has run its normal course and the court conducts a hearing. It is another, however, for the trial court to postpone the litigation process and the setting of a hearing in order to allow some additional set of facts to come into existence. The former is part and parcel of the normal judicial process. The latter distorts that process. It results in the trial court's deciding a different case than that which was presented to it by the parties. A trial-court order designed to achieve the latter result, therefore, cannot properly be considered an order "pending the litigation of the existing case," or "pendente lite." See Rich v. Rich, 887 So.2d 289, 301 (Ala.Civ.App. 2004).
In Rich, this court determined that the trial court's "temporary custody" award must be treated as final for purposes of what is commonly referred to as the McLendon presumption.See Ex parte McLendon, 455 So.2d 863 (Ala. 1984). Much of what was said in Rich is applicable to the present case:
 "Our appellate courts have held that a determination of custody generally intended to last until one of the parties successfully petitions the court to modify its judgment, even where the custody may be called `temporary' by the trial court, is a `prior judicial decree' for purposes of [Ex parte] McLendon [, 455 So.2d 863 (Ala. 1984)]. See Ex parte J.P., 641 So.2d [276,] 278 [(Ala. 1994)]; Sims [v. Sims], 515 So.2d [1,] 2 [(Ala.Civ.app. 1987)]; Davis v. Moody, 459 So.2d 914 (Ala.Civ.App. 1984); Chandler v. Manning, 411 So.2d 160
(Ala.Civ.App. 1982). . . .
". . . .
 ". . . Pendente lite orders . . . are only made for the `pendency of the litigation' of the existing case. Ex parte J.P., 641 So.2d at 278. It is clear that the custody awards at issue in the present case were not made by the trial court pending the litigation of the existing case, but instead were made in anticipation of a `new case,' i.e., newly developed facts, potentially being presented to the trial court at some future date. That is, they were custody awards intended to remain in place until such time, well into the future, as the trial court would `review' the case to determine whether there should be a modification of custody based upon changed circumstances that might have come into existence since the last custody award. Such awards are not pendente lite awards; rather, they are `temporary custody' awards of the nature addressed in Ex parte J.P., Sims, and Davis. The trial court was not free to design its custody awards in this manner so as to avoid the application of the McLendon standard.³
 "³ The phrase `pendente lite' is Latin for `while the action is pending.' Black's Law Dictionary 1154 (7th ed. 1999). The manner in which pendente lite child-custody orders are treated allows trial courts, in making their final determinations of custody, to take into consideration developments that occur pending *Page 364 the litigation — that is, developments in the lives of the parties and the child that naturally occur during the unavoidable gap in time between the filing of an action and the time when the parties are ready for, and the court can schedule, a final hearing in the normal course of our judicial process. Sanctioning the approach utilized by the trial court in this case would distort the process by allowing a trial court to postpone the scheduling of a final hearing pending future developments in the lives of the parties."
Rich, 887 So.2d at 300-01 (some emphasis in original; some emphasis added; footnote 2 omitted).
The above analysis from Rich is relevant not because this case involves a trial-court order that evidences an inclination" `to continue to use the less burdensome standard for custodial matters,'" as was the situation in Rich. Rich, 887 So.2d at 294
(emphasis omitted). Nor is there necessarily any illegitimate purpose on the part of the trial court to avoid finality in the present case. Instead, the similarity between this case andRich, and the reason much of the analysis from Rich is applicable to the present case, is that, whether purposeful or not, the structure of the trial court's order in this case has the effect of making what the Supreme Court in Ex parte J.P.
called a "custody" award, not a "pendente lite" award. As the Supreme Court held in Ex parte J.P., an order that fixes custody until the holding of a hearing is one that is "pendente lite"; an order that fixes custody until the occurrence of some event or passage of time, extrinsic to the litigation process is not made pending the existing litigation or "pendente lite."Id. As in Rich, the effect of the trial court's order in the present case is to "distort the process by allowing [the] trial court to postpone the scheduling of a final hearing pending future developments in the lives of the parties." Rich,887 So.2d at 301 n. 3 (emphasis omitted).
The trial court's order in this case is a final declaration of who shall have custody of the child until such time as there are future developments extrinsic to the litigation. Indeed, it is more than that — it is a final declaration of who shall have custody of the child until after the extrinsic developments and
a future request for relief is presented to the trial court. That, by definition, is not an award of custody pending thelitigation, whether the trial court intended it to be or not. That order, therefore, must be appealable. Because this court's dismissal of the present appeal has the effect of making that order nonappealable, I must respectfully dissent.
CRAWLEY, J., concurs.
[1] The court's "tying" of its own hands in this manner is in and of itself problematic. Our law requires that a change of custody be made whenever material changes in circumstances warrant the change. See Ex parte McLendon, 455 So.2d 863 (Ala. 1984).